PER CURIAM.
Where a husband conveys to his wife substantially all of his property pursuant to a judgment of divorce, is the wife a “creditor” within the provisions of Code 1975, § 8-9-8; or, more specifically, is the execution of such a conveyance, absent fraud, “in payment of a prior debt” under this section? We hold that the answer is “no,” and affirm.
The undisputed facts are as follows: Based upon an automobile accident that occurred in March 1983, appellants obtained a $5,000 judgment against the appel-lee’s husband in October 1984. Pursuant to an action filed by the appellee against her husband, a judgment of divorce, incorporating a separation agreement, was granted in November 1983. The separation agreement required the husband to convey his interests in the parties’ real estate to his wife, and the executed deeds were subsequently filed for record.
Upon nonpayment of the $5,000 judgment by appellee’s husband, the appellants, as judgment creditors, filed this claim seeking to have the husband’s “assignment of his interest in the property inure to the benefit of creditors under § 8-9-8, or to *510 declare the conveyances void under §§ 8-9-6, -7.” Plaintiffs appeal from an adverse judgment denying all relief.
The gist of appellants’ argument is clearly and succinctly set out in the following quoted language from their brief:
“The Appellants direct the Court’s attention to § 8-9-8, which is the focus of this appeal.[1] This section is found in the Code’s Fraud Section; however, close attention should be given to the language of this section, in that no mention of fraud is found. Appellants therefore wish to rely on the language of § 8-9-8 and will not attempt to show any fraud in the conveyances complained of.
“The general consideration of this section is to protect the rights of creditors and to prevent the debtor from preferring one creditor over another.... The language of the section states that when a debtor makes a general assignment of all or substantially all of his assets by which priority or preference is given to the payment of one or more creditor, the benefit of such assignment inures to the benefit of all creditors equally....
“The Appellants find no case law that stands on ‘all fours’ with the facts of this cause, and therefore argue that the Court's interpretation of this statute, as it pertains to these facts, [should lie] with the Appellants. The language of the statute causes preferences to ‘... inure to the benefit of all the creditors of the grantor equally.’ The reason for this statute is clearly to protect the rights of all creditors-and to allow a means whereby no one creditor can take all or substantially all of the debtor’s property to the exclusion of all other creditors. There can be no doubt that § 8-9-8 was enacted to cover and protect creditors in the position of the Appellants.
“The Appellants’ facts in this cause are clearly the type intended to take protection under § 8-9-8. The Appellants became creditors of Appellee's spouse on March 21, 1983, when the Appellee’s spouse caused his car to damage the Appellants. The Appellee's spouse then granted all or substantially all of his assets to the Appellee for no consideration other than the ‘debt’ created by his marital duties. Now that Appellants’ have obtained a judgment, there remain no assets that these creditors can attach to satisfy their claim. The Appellants argue that here the debtor has granted all or substantially all of his assets to one creditor, Appellee, and therefore a preference or priority has been taken over the other creditors, Appellants.
“If the husband simply ‘gave’ his wife all of his property and remained married, the court would quickly set aside such a conveyance. Appellee here contends, and the trial court apparently agreed, that where the husband’s conveyance is made in consideration of his marital obligation as part of a divorce, no ‘fraud’ is involved. The Appellants are willing to concede this point except they say that, under § 8-9-8, the Appellee should not be given any more rights because of the ‘debt’ to her created by the failed marriage than any other creditor would have because of a failed contract or otherwise. The section in question is designed to keep a debtor from creating a preference between creditors. It does not say ‘except the debts created by marriage.' ”
Appellants’ argument proceeds upon two basic premises: 1) That the appellee, as wife of the judgment debtor, is a “creditor”; and 2) that the judgment debtor’s conveyance, under these circumstances, was “in payment of a prior debt.”[2]
Although, as appellants suggest, the appellate courts of our State seem not to have directly addressed this precise issue, we *511 are clear to the conclusion that the appel-lee, as wife of the judgment debtor, is not a “creditor” within the contemplation of § 8-9-8; and, therefore, in the absence of fraud, her husband’s conveyance to her of substantially all of his property, in fulfillment of his marital obligation, is not subject to being set aside as being in payment of a “prior debt.” A spouse’s default in payment of an obligation imposed by a judgment of divorce may create a “debt” (e.g., default in accrued periodic payments of alimony or child support); but a spouse’s marital obligation, as determined and imposed by such judgment, does not render the other spouse a judgment creditor, nor does the obligated spouse’s compliance with, or satisfaction of, that obligation constitute the payment of a “prior debt.”
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.

. § 8-9-8(a) provides:
"(a) Every general assignment made by a debtor or a conveyance by a debtor of substantially all of his property subject to execution in payment of a prior debt by which a preference or priority of payment is given to one or more creditors over the remaining creditors of the grantor shall be and inure to the benefit of all the creditors of the grantor equally.”

. While we have categorized these terms as forming two separate premises of appellants’ argument, we note that, strictly speaking, they constitute but a single premise, for if one is true, so is the other.